[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Fairbanks American, Inc. (Fairbanks), and its president, Joseph P. Lupo, have filed a motion dated October 11, CT Page 569 1991 (#152) for a "determination" whether two New York attorneys, whose depositions the plaintiffs plan to take, are "experts" and hence entitled to compensation for their testimony. The defendant, American Home Assurance Company (American Home), argues in opposition to the motion that this question must be resolved by a court in New York, which will issue a subpoena to the two lawyers to compel their attendance at the deposition, rather than by this court which issued a commission to take their testimony.
The plaintiff Fairbanks was insured by the defendant under an umbrella liability policy issued in 1974. In 1977 Transgo, Inc., sued Fairbanks in California, and recovered a judgment. Transgo, Inc., filed a second suit against Fairbanks in 1980 in the United States District Court in Connecticut. In a five count complaint in this court, the plaintiffs allege that American Home failed to reimburse Fairbanks for attorney fees and other disbursements other disbursements incurred in connection with the defenses of these two suits instituted by Transgo, Inc. Plaintiff Lugo claims in the fifth count that he suffered a personal loss of credit and financial standing, as well as emotional injury, as a result of American Home's alleged refusal to fulfill its obligations under the policy it issued to Fairbanks.
I agree with the defendant that this issue of two status of the two New York lawyers should be resolved by the New York courts rather than this court. Although this court can issue a commission to take an out-of-state deposition; General Statutes 52-148c(b), Practice Book 245(a); the New York court will have to issue a subpoena to compel attendance. This procedure is sanctioned by section 3101 of the Civil Practice Law and Rules, which adds that the New York courts "shall make any appropriate order in aid of taking such deposition." This section would permit a determination in New York as to whether the two lawyers were experts and entitled to compensation for their testimony.
The defendant points out the symmetry between this procedure in New York, and our Connecticut rules regarding issuance of subpoenas in this state. General Statutes 52-148 (f) provides that depositions of witnesses living in this state can be used in other states "in like manner" as they are used in Connecticut proceedings, where the court has the right to quash, modify or condition any subpoena. Practice Book 245(e) is to the same effect. Thus, if a New York court issued a commission to take the deposition of a Connecticut resident, and then a subpoena was issued to that person, he could move in Connecticut to have it quashed, modified or conditioned. Practice Book 245(e).
Therefore the motion by plaintiffs for determination of the status of the two New York lawyers is denied.
Dated at Bridgeport, Connecticut, this 24th day of January, 1992. CT Page 570
WILLIAM B. LEWIS, JUDGE